MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza, 3rd Floor
New York, New York 10007
Tel. (212) 637-2218

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
UNITED STATES OF AMERICA,               :

                  Plaintiff,            :
                                                DECLARATION IN SUPPORT
                  - v -                  :      OF DEFAULT JUDGMENT

$25,475.00 IN UNITED STATES              :      07 Civ. 2802 (LMM)
CURRENCY,
                                         :
                  Defendant-in-rem.
----------------------------------x

        ANNA E. ARREOLA, pursuant to 28 U.S.C. § 1746, declares

under penalty of perjury as follows:

        1.    I am an Assistant United States Attorney in the

Office of Michael J. Garcia, United States of Attorney for the

Southern District of New York, attorney for plaintiff herein.  I

have responsibility for the above-captioned matter, and as such,

I am familiar with the facts and circumstances of this

proceeding.  This declaration is submitted in support of

plaintiff's request for a default judgment in the above-captioned

case.

        2.    According to records of the New York City Police

Department ("NYPD"), officers seized the above-referenced

defendant-in-rem (the "Defendant Currency") from the residence of

Ronald Leon ("Leon") on August 5, 2006 in the Bronx, New York.

3.    The Drug Enforcement Administration ("DEA") subsequently initiated an administrative forfeiture action against the Defendant Currency by serving notice of the action and advertising the seizure.  Notice of the nonjudicial forfeiture was published in the Wall Street Journal on November 13, 2007, November 20, 2007 and November 27, 2007.  The DEA has provided me with a copy of the relevant newspaper pages, which are attached hereto as Exhibit A.

4.    Thereafter, Leon and his wife, Patricia Murray ("Murray"), filed a claim, through their attorney, Daniel T. Mentzer, Esq., opposing nonjudicial forfeiture.  A copy of the claim is attached hereto as Exhibit B.

5.    In light of the claims by Leon and Murray, the United States commenced this civil action for the forfeiture of the Defendant Currency by filing a verified complaint on April 6, 2007.  A copy of the verified complaint is attached hereto as Exhibit C and is fully incorporated by reference herein.

6.    On or April 10, 2007, a notice letter and a copy of the verified complaint were sent by certified mail, return receipt requested, to Daniel T. Mentzer, Mentzer & Higgins, LLP., 901 Sheridan Avenue, Bronx, New York 10451.  The Government subsequently received a signed receipt of delivery for the notice letter sent to Mr. Mentzer.  The notice letter sent to Mr.

Mentzer, plus the attachment, were also sent, by regular mail, to Ronald Leon at ███████████████████████, Bronx, New York 10460, and to Patricia Murray at the same address. A copy of the notice letter and the receipt confirmation are attached hereto as Exhibit D. Leon and Murray are the only persons known by the Government to have a potential interest in the Defendant Currency.

7. In addition to the mailed notice, notice of the verified complaint and in rem warrant against the Defendant Currency was published in the New York Law Journal on May 21, 2007. Proof of such publication was filed with the Clerk of this Court on September 6, 2007. A copy of this proof of publication is attached hereto as Exhibit E.

8. The Government has provided adequate notice pursuant to Rule G of the Supplement Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims. First, the Government provided direct notice to the only known potential claimants-Leon and Patricia Murray-and to their attorney, and the Government received confirmation that the notice sent to Leon's attorney was received. See Rule G(4)(b)(iii)(B) ("Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case."); see also Bye v. United States,

105 F.3d 856, 857 (2d Cir. 1997) (finding adequate notice where

"the government sent notice to the attorney who represented Bye

in his then-pending related criminal proceeding"). Second, the

Government complied with the publication requirements of Rule G.

Rule G(4)(a)(iii)(B) states that "[p]ublished notice must appear

. . . only once if, before the action was filed, notice of

nonjudicial forfeiture of the same property was published . . .

in a newspaper of general circulation for three consecutive weeks

in a district where publication is authorized under Rule

G(4)(a)(iv)." Rule G(4)(a)(iv) in turns provides that

publication may be made "in a newspaper generally circulated in

the district where the . . . the property was seized." Here, the

DEA published notice once a week for three consecutive weeks in

the <u>Wall Street Journal</u>, and the Government published notice once

in the <u>New York Law Journal</u>, thereby satisfying the publication

requirements of Rule G.

       9.  Publication was completed on May 21, 2007 and

direct notice was sent on or about April 10, 2007. No claims or

answers were filed or made in this action, no parties have

appeared to contest the action to date, and the requisite time

periods have expired. <u>See</u> 18 U.S.C. § 983(a)(4)(A) ("any person

claiming an interest in the seized property may file a claim

asserting such person's interest in the property in the manner

set forth in the Supplemental Rules for Certain Admiralty and

Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint"); Rule G(4)(b)(ii) (claim must be filed "at least 35 days after the notice is sent"); Rule G(5)(a)(ii)(B) ("if notice was published but direct notice was not sent to the claimant or the claimant's attorney," claim must be filed "no later than 30 days after final publication of newspaper notice").

10. Finally, to the best of my knowledge and belief, Leon and Murray are not minors, mentally incompetent, or in the military service of the United States.

11. Accordingly, the Government requests that the Court enter the proposed Default Judgment.

12. No previous application for the relief requested herein has been sought.

Dated:    New York, New York
          May 30, 2008

_Anna E. Arreola_
Anna E. Arreola
Assistant U.S. Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218

5