# Exhibit B

| | |
|---|---|
| Asset Id.#: 06-DEA-473737 : <br> Case # : C1-06-0266 <br> Property : $25,475.00 US Currency  : <br> : <br> : | **NOTICE OF CLAIM TO RECOVER SEIZED PROPERTY PURSUANT TO TITLE 18, U.S.C, SECTION 983** |

   **PLEASE TAKE NOTICE,** that upon the annexed Affidavits of **RONALD LEON** and **PATRICIA MURRAY,** a claim is hereby made by **RONALD LEON** and **PATRICIA MURRAY**, pursuant to Title 18, United States Code, Section 983(a)(2) to contest the forfeiture of seized property and recover said property, to wit: **$25,475.00 United States Currency** seized from the home of **RONALD LEON** and **PATRICIA MURRAY** upon the grounds that:

   1. Said property was illegally seized by state law enforcement authorities in that it was neither proceeds of any criminal transaction(s) nor evidence relating to any criminal activity;

   2. Said property was improperly designated for forfeiture pursuant to Title 21 United States Code, Section 881 in that the United States Currency seized was not property subject to seizure insofar as it was not "money … furnished or intended to be furnished by any person in exchange for a controlled substance" nor "proceeds traceable to such an exchange" nor "moneys… intended to be used [for such an exchange];" and therefore, the government is unable to meet its burden of establishing, by a preponderance of the evidence, that the property is subject to forfeiture, as required by Title 18 United States Code, Section 983(c)(1).

3. The Government did not send written notification within ninety (90) days of the seizure as required by 18 United States Code, Section 983 (a)(iv).

```
Asset Id.#:  06-DEA-473737        :
Case #    :  C1-06-0266           :
Property  :  $25,475.00 US Currency
                                  :
                                  :
```

AFFIDAVIT IN SUPPORT OF
CLAIM TO RECOVER SEIZED
PROPERTY PURSUANT TO
TITLE 18, U.S.C, SECTION 983

STATE OF NEW YORK:
              : ss:
COUNTY OF BRONX  :

I, **RONALD LEON**, being duly sworn, deposes and states under penalty of perjury:

1. That I reside at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the County of Bronx, State of New York and reside therein with my wife, Patricia Murray.

2. I am 55 years of age.

3. I have been married to Patricia Murray for twenty (20) years.

4. On August 5, 2006 at approximately 12:20 p.m., I was standing on the street near my house at ▓▓▓▓▓▓▓▓▓▓ in the County of the Bronx, State of New York when I was approached by New York City police officers.

5. I was not engaged in any criminal conduct prior to their approach, nor did I have any intention to commit any crimes, insofar as I was merely standing outside my house in my own neighborhood.

6. Nonetheless, said New York City police officers detained me and searched me.

7. Said police officers recovered nothing from me which would indicate that I was involved in the sale of controlled substances.

8. Following their detention and search of me, New York City police officers entered and searched my car, which was parked nearby.

9. During said search of my car, a small amount of marijuana was recovered. Said marijuana was for personal use and I had no intention to sell or exchange it with anyone.

10. The police officers who searched my car recovered nothing which would indicate that I intended to sell or exchange said marijuana or that I was involved in the sale

of any controlled substances. To wit, they did not recover from my car **any** controlled substances; money; or, packaging equipment (bags, glassines, etc.).

11. Following the search of my car, New York City police officers entered my home at ███████████ and conducted an exhaustive search of my home.

12. Pursuant to said search of my home, the police officers recovered and seized $25,475 of United States Currency and a handgun.

13. Nothing was recovered from my home which would indicate that I was involved in the sale of any controlled substance(s). To wit, they did not recover any controlled substances; scales, packaging equipment (bags, glassines, etc.). They did not find any such evidence because neither my wife nor I are involved in the sale or distribution of controlled substance(s).

14. The $25,475 seized from my home is marital property of my wife, Patricia Murray, and me. We earned it lawfully during the course of our marriage. It took many years for us to earn this money. It represents virtually all of our life's savings. We do not have a bank account and choose to keep our money in a safe in our home.

15. **None of the $25,475 seized from my home was acquired from the sale or exchange of marijuana or controlled substance(s).**

16. On August 5, 2006, I was arrested and charges with crimes relating to the marijuana and weapon seized by police on August 5, 2006. I was not charged with any crimes or violations relating to controlled substance(s).

17. On November 22, 2006, I pleaded guilty to Disorderly Conduct, a violation and not a crime in full satisfaction of the charges against me [*see* Annexed Exhibit C].

18. I was not convicted of any crime whatsoever in connection with my arrest of August 5, 2006. Specifically, I was not convicted of any charges relating to controlled substance, either possession or sale. I was not convicted of any charges relating to marijuana, either possession or sale. I did not allocute to any charges relating to marijuana or controlled substance(s). In fact, the District Attorney dismissed the marijuana charges against me on November 22, 2006.

19. On December 11, 2006, I received a Notice of Seizure [*see* Annexed Exhibit D].

I did not receive written notification within 90 (ninety) days of the August 5, 2006 seizure of said $25,475. Furthermore, I did not receive any notification, either written or oral, prior to December 11, 2006.

20. I did not sell marijuana to anyone on August 5, 2006.

21. I did not sell any controlled substance(s) to anyone on August 5, 2006.

22. I did not use or acquire the money seized as a result of a violation of the Controlled Substances Act as I was accused of in the Notice of Seizure.

23. I, hereby, contest the forfeiture of the $25,475 seized from my home on August 5, 2006 and respectfully request that it be returned to me immediately.

*Ronald Leon*

**RONALD LEON**

Sworn to before me on
January 4, 2007 by Ronald Leon

*[signature]*
Notary Public

[Notary stamp: Notary Public, Bronx County]

```
              SUPREME COURT OF THE STATE OF NEW YORK         FEE:$10.00
                            BRONX COUNTY
                         851 GRAND CONCOURSE
                           BRONX, NY 10451


              CERTIFICATE OF DISPOSITION - MISDEMEANOR/VIOLATION

DATE: 01/02/2007                  CERTIFICATE OF DISPOSITION NUMBER: 12572

PEOPLE OF THE STATE OF NEW YORK   CASE NUMBER:              41267C-2006
              VS.                 LOWER COURT NUMBER(S): 2006BX041267
                                  DATE OF ARREST:            08/05/2006
                                  ARREST #:
                                  DATE OF BIRTH:

LEON,RONALD
_____
             DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 11/22/2006 THE ABOVE NAMED DEFENDANT WAS
CONVICTED OF THE VIOLATIONS(S) BELOW BEFORE JUSTICE  BENITEZ,P THEN A
JUSTICE OF THIS COURT.

DISORDERLY CONDUCT   PL   240.20 01 V

THAT ON 11/22/2006, UPON THE AFORESAID CONVICTION BY PLEA   THE HONORABLE
BENITEZ,P   THEN A JUDGE OF THIS COURT, SENTENCED THE DEFENDANT
TO

DISORDERLY CONDUCT   PL   240.20 01 V
CONDITIONAL DISCHARGE = 1 YEAR(S)


CVAF = $20 (ADJOURNED)
SURCHARGE = $75 (ADJOURNED)


THE CASE IS PENDING PAYMENT ON 01/24/2007


IN WITNESS WHEREOF,I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 01/02/2007.
```

_____
COURT CLERK



## U.S. DEPARTMENT OF JUSTICE
## DRUG ENFORCEMENT ADMINISTRATION

Ronald Leon



Bronx, NY 10460

| | |
|---|---|
| Asset Id: | 06-DEA-473737 |
| Case Number: | C1-06-0266 |
| Property: | $25,475.00 U.S. Currency |
| Asset Value: | $25,475.00 |
| Seizure Date: | 09/04/2006 |
| Seizure Place: | Bronx, NY |
| Owner Name: | |
| Seized From: | Leon, Ronald |
| Judicial District: | Southern District of New York |

NOTICE MAILING DATE: December 8, 2006

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **January 12, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475**. Correspondence sent via private delivery must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301**. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Patricia Murray aka Patricia Murray-Leon

Bronx, NY 10460

| | |
|---|---|
| Asset Id: | 06-DEA-473737 |
| Case Number: | C1-06-0266 |
| Property: | $25,475.00 U.S. Currency |
| Asset Value: | $25,475.00 |
| Seizure Date: | 09/04/2006 |
| Seizure Place: | Bronx, NY |
| Owner Name: | |
| Seized From: | Leon, Ronald |
| Judicial District: | Southern District of New York |

NOTICE MAILING DATE: December 8, 2006

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **January 12, 2007**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

```
Asset Id.#:  06-DEA-473737         :
Case #    :  C1-06-0266            
Property  :  $25,475.00 US Currency
                                   :
                                   :
```

AFFIDAVIT IN SUPPORT OF
CLAIM TO RECOVER SEIZED
PROPERTY PURSUANT TO
TITLE 18, U.S.C, SECTION 983

STATE OF NEW YORK:
: ss:
COUNTY OF BRONX :

I, **PATRICIA MURRAY,** being duly sworn, deposes and states under penalty of perjury:

1. That I reside at ▇▇▇▇▇▇▇▇▇▇ in the County of Bronx, State of New York and reside therein with my husband, Ronald Leon.
2. I am 48 years of age.
3. I have been married to Ronald Leon for twenty (20) years.
4. I am employed by the United States Postal Service.
5. On August 5, 2006, I was inside my apartment at ▇▇▇▇▇▇▇▇▇▇ in the County of the Bronx, State of New York at approximately 12:30 pm.
6. At that time and place, New York City police officers knocked at the door of my house, whereupon I opened the door.
7. Said New York City police officers then entered and began to search my home.
8. Numerous New York City police officers spent over an hour searching every square inch of my home, including cabinets, locked containers, a safe, under furniture, under carpets, clothing, etc.
9. Said police officers seized $25,475 of United States Currency from a safe in my home.
10. Said $25,475 is marital property of my husband Ronald Leon and me. We earned it lawfully during the course of our marriage.
11. **None of the $25,475 seized from my home was acquired from the sale or exchange of marijuana or controlled substance(s).**

12. Having our money taken from us has caused a tremendous hardship to my husband and me.

13. I, hereby, contest the forfeiture of the $25,475 seized from my home on August 5, 2006 and respectfully request that it be returned to my husband and me immediately.

_____
PATRICIA MURRAY

Sworn to before me on
January 4, 2007 by Patricia Murray

_____
Notary Public

Notary Public, Bronx County
Registration #: 02BA......
My Commission Expires June 10

MENTZER & HIGGINS, LLP
901 SHERIDAN AVENUE
BRONX, NEW YORK 10451
TEL (718) 410-0808
FAX (718) 410-8894