**Exhibit C**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2218



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA              :
                                      :   VERIFIED COMPLAINT
        -v-                           :
                                      :
$25,475.00 IN UNITED STATES CURRENCY  :   07 Civ. CV 2802
                                      :
        Defendant-in-rem.             :
                                      :
- - - - - - - - - - - - - - - - - - - x

Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

I. NATURE OF THE ACTION

1.   This action is brought by the United States of America pursuant to 21 U.S.C. § 881(a)(6) seeking the forfeiture of $25,475.00 in United States currency (the "DEFENDANT CURRENCY"), on the ground that it constitutes moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because actions and omissions giving rise to the forfeiture took place in the Southern District of New York and because the DEFENDANT CURRENCY was found and seized in the Southern District of New York.

4. The DEFENDANT CURRENCY is currently in the custody of the United States Marshals Service.

## III. PROBABLE CAUSE FOR FORFEITURE

5. On or about August 5, 2006, in front of ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮, Bronx, New York, an undercover police officer ("PO") from the New York City Police Department (the "NYPD") approached Ronald Leon ("Leon") and asked Leon whether he had a "smoke," to which Leon responded that he did. The PO gave Leon a sum of currency, and Leon gave him one bag of marijuana from his car (the "Car").

6. Later that day, approximately 19 bags of marijuana were recovered from the passenger's side of the Car. The marijuana was packaged in five large zip-lock bags and fourteen small zip-lock bags.

7. NYPD officers then sought and received permission from Leon's wife, Patricia Murray ("Murray"), to search her and

2

Leon's residence, located at ███████████, ██████, Bronx, New York. Inside a safe in the residence, officers found the DEFENDANT CURRENCY along with a loaded, semi-automatic pistol. The DEFENDANT CURRENCY consisted of 36 one hundred dollar bills, 34 fifty dollar bills, 876 twenty dollar bills, 167 ten dollar bills, and 197 five dollar bills.

8. Murray appeared surprised when the safe was opened and she saw the Defendant Currency. She told the NYPD officers, in substance and in part, that she had not known about the Defendant Currency.

9. In or about December 2006, the Drug Enforcement Administration received two affidavits asserting claims for the Defendant Currency, one from Leon and one from Murray. In his claim, Leon stated, in substance and in part, that on August 5, 2006, officers searched his car and recovered "a small amount of marijuana" which was "for personal use"; that he had been married to Murray for twenty years; that the Defendant Currency found inside his home was "marital property of" him and his wife; and that they had earned it lawfully during the course of their marriage.

10. In her claim, Murray stated, in substance and in part, that the Defendant Currency was "marital property" belonging to her and her husband; that they had earned it lawfully during the course of their marriage; and that none of it

was acquired from the sale or exchange of marijuana.

11. Leon has previously been convicted of drug trafficking offenses:

    a. On or about September 21, 1998, he was convicted in New York County Criminal Court of criminal sale of marijuana in the 4th degree, a Class A misdemeanor.

    b. On or about June 14, 2001, he was convicted in New York County Supreme Court of attempted criminal sale of a controlled substance in the 3rd degree, a Class C Felony.

12. Leon has previously been convicted of other drug-related crimes as well, including:

    a. On or about March 10, 1990, he was convicted, in Bronx County Criminal Court, of criminal possession of a controlled substance in the 7th degree, a misdemeanor.

    b. On or about January 30, 1999, he was convicted, in New York County Supreme Court, of criminal possession of a controlled substance in the 7th degree, a misdemeanor.

    c. On or about October 23, 2001, he was convicted, in New York County Supreme Court, of attempted criminal possession of a control substance in the 3rd degree, a Class C Felony. Leon had originally been charged with criminal possession of a controlled substance with intent to sell.

    d. On or about December 3, 2004, he was convicted, in Bronx County Criminal Court, of criminal possession of a controlled substance in the 7th degree, a misdemeanor.

### III. CLAIM FOR FORFEITURE

13. The allegations contained in paragraphs one through twelve of this Verified Complaint are incorporated

herein.

14.    Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

15.    The DEFENDANT CURRENCY is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

16.    By reason of the above, the DEFENDANT CURRENCY became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT CURRENCY and that all persons having an interest in the DEFENDANT CURRENCY be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the DEFENDANT CURRENCY to the United States of America for disposition according to law, and that this Court grant plaintiff

such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
      April 6, 2007

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the Plaintiff
                              United States of America

By: _____
      ANNA ARREOLA
      Assistant United States Attorney
      One St. Andrew's Plaza
      New York, New York 10007
      Telephone: (212) 637-2218

VERIFICATION

STATE OF NEW YORK              )
COUNTY OF NEW YORK             :
SOUTHERN DISTRICT OF NEW YORK  )

Lisa DeRienzo, being duly sworn, deposes and says that she is a detective with the New York City Police Department, that she has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of her knowledge, information, and belief.

The sources of deponent's information and the grounds of her belief are official records and files of the New York City Police Department and the United States, and discussions with and documents prepared by other law enforcement officers and others.

_____
Detective Lisa DeRienzo
New York City Police Department

Sworn to before me this
6th day of April, 2007

_____
NOTARY PUBLIC

JANE CHU
Notary Public, State of New York
No. 31-4958354
Qualified in New York County
Commission Expires November 6, 2009